**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
JIANI LI, *Individually and on behalf*
*of all others similarly situated,*

                                      Plaintiffs,

                v.

MG NAIL & BEAUTY INC. d/b/a MG Nail
Eyelashes & Brow SPA, Krystal Wang, and Xu
Hong Wang,

                                      Defendants,
------------------------------------------------------------------X

Case No:

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Jiani Li ("Plaintiff"), individually and on behalf of all other employees similarly situated, by and through their attorneys, Hang & Associates, PLLC, hereby bring this complaint against Defendants MG NAIL & BEAUTY INC. d/b/a MG Nail Eyelashes & Brow SPA, Krystal Wang, and Xu Hong Wang (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of themselves as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek, as well as

failing to provide their employees, including Plaintiff, with wage notice at the time of hiring and wage statements.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) reimbursement for expenses relating to tools of trade; (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs;

4. Plaintiffs further allege pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid spread of hours pay; (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid spread of hours pay, and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff is an individual residing in Queens, New York.

8. From on or around January 20, 2018 to on or around November 30, 2018, Plaintiff was employed as a cashier and receptionist at Defendants' nail salon located at 133-16 39th Ave., Basement, Flushing, NY 11354.

## DEFENDANTS

*Corporate Defendant*

9. Upon information and belief, MG Nail & Beauty Inc. d/b/a MG Nail Eyelashes & Brow SPA ("Corporate Defendant") is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 133-16 39th Ave., Basement, Flushing, NY 11354.

10. Upon information and belief, the Corporate Defendant operates a nail salon under the name of MG Nail Eyelashes & Brow SPA.

11. Upon information and belief, Corporate Defendant has about seven (7) employees.

12. Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moved in commerce such as nail polish and supplies.

14. At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendant Krystal Wang*

15. Upon information and belief, Defendant Krystal Wang is the owner, chief executive officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

16. Upon information and belief, Defendant Krystal Wang owns the stock of Defendant Corporation and manages and makes all business decisions regarding Defendant Corporation, including but not limited to determining the amount of salary the employees will receive and the number of hours employees will work.

17. Upon information and belief, Defendant Krystal Wang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

*Owner/ Operator Defendant Xu Hong Wang*

18. Upon information and belief, Defendant Xu Hong Wang is the owner, chief executive officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

19. Upon information and belief, Defendant Xu Hong Wang owns the stock of Defendant Corporation and manages and makes all business decisions regarding Defendant Corporation, including but not limited to determining the amount of salary the employees will receive and the number of hours employees will work.

20. Upon information and belief, Defendant Xu Hong Wang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

21. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

22. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their nail salon locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action

Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

24. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

25. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

26. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

27. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

  a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

  b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

28. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

29. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

30. Defendants committed the following alleged acts knowingly, intentionally and willfully.

31. Defendants knew that the nonpayment of minimum wage, nonpayment of overtime pay and spread of hours, the failure to provide the required wage notice at the time of hiring and to provide the required wage statement with every payment of wages, as well as failure to reimburse Plaintiff for expense incurred in relation to tools of the trade used by Plaintiff in order to perform nail technician's job duties would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Jiani Li*

32. From on or around January 20, 2018 to on or around November 30, 2018, Plaintiff was employed as a cashier and receptionist in Defendants' nail salon located at 133-16 39th Ave.,

Basement, Flushing, NY 11354. In addition to her job duties of cashier and receptionist, Defendants also required Plaintiff to perform nail technician's duties.

33. Upon information and belief, Defendant Chrystal Wang, known as "Lady Boss" to Plaintiff, is the owner/shareholder of Defendant Corporation and maintains active operational control over Defendant Corporation, including but not limited to hiring and firing employees, supervising and controlling the employees, setting their work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

34. Defendant Krystal Wang controlled and determined the work schedule of Plaintiff, determined the rates of compensation of Plaintiff and methods of payment, as well as handled wage payments to Plaintiff and maintained her employment records.

35. Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

36. From on or around January 20, 2018 to July 31, 2018, Plaintiff worked seven (7) days per week. On each of her workday, Plaintiff generally worked from around 12:00 pm to 9:30 pm without a break. Once or twice a week, Plaintiff would work from 12:00 pm to 12:00 am (the next day). Plaintiff therefore worked at least sixty-nine (69) hours per week during this stated employment period.

37. From on or around September 1, 2018 to on or around November 30, 2018, Plaintiff worked six (6) days per week with Wednesday off. On each of her workday, Plaintiff generally worked from around 12:00 pm to 9:30 pm without a break. Once or twice a week, Plaintiff

would work from 12:00 pm to 12:00 am (the next day). Plaintiff therefore worked at least fifty-nine and half (59.5) hours per week for this stated employment period.

38. During her first week of employment with Defendants, Plaintiff was paid at a fixed rate of $100 per week regardless of the number of hours she worked each day. For the second week of employment with Defendant, Plaintiff was paid at a fixed rate of $200 per week regardless of the number of hours she worked each day. From on or around February 1, 2018 to on or around July 31, 2018, Plaintiff was paid at a fixed rate of $350.00 per week regardless of the number of hours she worked each day.

39. From September 1, 2018 to October 27, 2018, Plaintiff was paid at a fixed rate of $60.00 per day regardless of the number of hours she worked each day. From October 28, 2018 to November 30, 2018, Plaintiff was paid at a fixed rate of $75.00 per day regardless of the number of hours she worked each day.

40. Throughout her employment with Defendants, Plaintiff was paid weekly only by cash.

41. Every two months, Defendants would provide Plaintiff with a paystub. Nevertheless, the amount of wages and the number of hours contained in the paystub do not reflect the actual amount of wage received by Plaintiff or the actual number of hours worked by Plaintiff.

42. Defendants also operated a deceptive payroll practice in which Defendants would issue pay checks to Plaintiff, yet require Plaintiff to pay back to Defendants in the exact amount by cash.

43. Throughout her employment with Defendants, Plaintiff was not required to punch time or to otherwise track her work hours.

44. Throughout her employment with Defendants, Plaintiff was not compensated for minimum wage and for all hours worked above forty (40) in each workweek according to state and federal laws.

45. Throughout her employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

46. Defendants did not provide Plaintiff with a correct wage statement with every wage payment.

47. Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to perform nail technician's job duties. For instance, Plaintiff was required by Defendants to purchase necessary tools and supplies, including but not limited to, nail clippers, nail scissors, nail files, nail buffers, cuticle nippers, nail trimmers, etc. Throughout her employment with Defendants, Plaintiff has spent around $200.00 in purchasing such required tools and supplies.

## STATEMENT OF CLAIMS

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of Plaintiffs and the FLSA Collective]**

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

50. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

### [Violation of New York Labor Law—Minimum Wage

### Brought on behalf of Plaintiff]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

58. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for hours worked.

## COUNT III

### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

63. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

64. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

65. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

66. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV

**[Violation of New York Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff]**

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

70. Defendants' failure to pay Plaintiffs their overtime premiums violated the NYLL.

71. Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V

### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiff]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

74. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

75. Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff thereafter.

76. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New

York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI

**[Violation of New York Labor Law—New York Pay Stub Requirement Brought on Behalf of Plaintiff]**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

79. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff and did not provide the paystub on or after Plaintiff's payday.

80. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VII

**[Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]**

81. Plaintiff on behalf of themselves and all other similarly situated Collective Action Members repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to

perform their job duties as nail technicians. Such tools of the trad include but are not limited to, nail clippers, nail scissors, nail files, nail buffers, cuticle nippers, nail trimmers, etc.

83. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## COUNT VIII

### [Violation of New York Labor Law—Spread of Hours

### Brought on behalf of Plaintiff]

84. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

85. Throughout her employment with the Defendants, Plaintiff routinely worked a "spread of hours" of more than 10 hours per day.

86. Despite the fact that Plaintiff routinely worked a "spread of hours" greater than 10 hours per day throughout their employment with the Defendants, Defendants did not pay Plaintiff any additional compensation as required by the regulations.

87. Defendants' failure to pay spread of hours compensation was willful and intentional.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) Award Plaintiff unpaid wages, unpaid overtime, unpaid spread of hours, as well as unpaid reimburse for tools of the trade due under the FLSA and the New York Labor Law;

    g)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation against Plaintiff Yan pursuant to 29 U.S.C. § 216;

    h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

    i)    The cost and disbursements of this action;

    j)    An award of prejudgment and post-judgment fees; and

    k)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
January 18, 2019

                                Respectfully Submitted,

                                HANG & ASSOCIATES, PLLC

                                By: /s/ _ *Xiaoxi Liu*_____ ___
                                  Xiaoxi Liu, Esq.
                                  136-20 38th Ave. Suite 10G
                                  Flushing, NY 11354
                                  Tel: (718) 353-8588
                                  Fax: (718) 353-6288
                                  Email: xliu@hanglaw.com
                                  *Attorneys for Plaintiff and Proposed FLSA*
                                   *Collective*

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MG NAIL & BEAUTY INC., Krystal Wang, Xu Hong Wang, and and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Li, Jiani_
Full Legal Name (Print)

_Li, J_____
Signature

_12.20.2018_
Date